BOLIN, Judge.
Suit was brought under a fire and extended coverage policy to recover damages to plaintiff’s roof and subsequent water damage to the interior of his house allegedly resulting from the locally famous hail storm of March 29, 1961. From a judgment against the insurance company for the sum of $634, both parties have appealed. Plaintiff seeks an increase in the award and further complains the lower court erred in not allowing penalties. Defendant seeks a reversal on the ground the damage was not caused by the hail.
Plaintiff’s original and supplemental petitions set forth five items of damage: $515 to replace roof; $490 for interior repairs to ceiling; etc; $105 for replacing garage roof; $871 to remove, replace and refinish hardwood floors.
The issues presented on the trial below and by this appeal are factual: i. e., was the damage to plaintiff’s roof and resultant water damage caused by hail? If so, what is the quantum, and was the refusal of the insurance company to pay the claim arbitrary so as to subject it to penalties under LSA-R.S. 22:658?
A review of the record convinces us there is no manifest error in the lower court’s conclusion. The trial judge concisely stated the facts, and his reasons for judgment which, for the sake of brevity, we adopt and set forth below:
“The evidence shows that plaintiff’s residence was built some ten years prior to the storm, and that some two years previous to the storm he enlarged the residence by adding another bedroom, and it appears that this addition was covered with a flat roof. Plaintiff did not think that he had any hail damage until about six weeks after the storm, when some leaks appeared in the roof. He notified his insurance agent on May 6, 1961. An adjuster was sent to inspect the roof, and he testified that he found no evidence of hail damage. Plaintiff then had two roofing contractors to inspect the roof, and they testified that there was hail damage. The defendant’s adjuster was again called, and another adjuster with a roofing man inspected the roof, and they testified that they found no hail damage. Hence the oral testimony is about evenly divided on the question of whether the hail storm damaged the roof of plaintiff’s residence.
*102 “We are deciding the fact in favor of the plaintiff, for the following reasons: Both sides agree that the back bedroom and front porch both leak. The house did not leak before the storm. The residences on each side of plaintiff’s residence were damaged by the storm and new roofs applied. The evidence shows that the floors in the front rooms (not porch floors) were damaged from leaks in the roof. We know from personal experience that hail damage is not easily detected.
“The evidence shows that -it cost plaintiff $504 to recover (sic) his residence. Mr. Carlton Gentry, who had been in the flooring business for twenty-seven years, was called by plaintiff to examine his floors shortly after the leaks appeared in the roof and after the adjuster had decided that there was no hail damage. He testified that it would have cost $130 to $140 to put the floors in first-class condition.
“We think it was incumbent upon plaintiff to minimize his damages, especially after he ascertained that the insurance company would deny liability. Plaintiff did not have his roof repaired for some three or four months after the hail storm. We think that all that we can allow is the sum of $504 for the roof, and $130 for the floors.
“Plaintiff sues for penalties which we do not allow, for the reason that we think when an insurance company denies liability after independent adjusters notify the company that there is no evidence of hail damage, the company’s action is neither capricious nor arbitrary.”
The only part of the lower court’s judgment perhaps requiring explanation is the allowance of only $130 for repairs to floors and complete disallowance of anything for other alleged damages to the interior, reasoning it was plaintiff’s duty to minimize his damages. It is evident from our review of the record the evidence convinced the trial judge the sum allowed for the repair of the floors was sufficient to put them back in their former condition after the hail damage and the other claims disallowed were not proven to be directly caused by the hail.
Judgment affirmed at defendant’s cost.
Affirmed.